**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 55068-7-II |
| CARLOS JERMAINE HULL, | |
| Petitioner. | UNPUBLISHED OPINION |

WORSWICK, J. — Carlos Hull seeks relief from personal restraint imposed following his 2017 convictions for two counts of first degree assault, one count of second degree assault, and one count of first degree unlawful possession of a firearm. He argues first that the evidence is insufficient to support the unlawful possession conviction because no firearm was ever recovered.[1] Evidence is sufficient if, after viewing it in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). As described in the opinion filed in his direct appeal, three witnesses saw Hull fire a pistol, striking two others. *State v. Hull*, No. 51037-5-II, slip op. at 2 (Wash. Ct. App. Apr. 30, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/510375.pdf. That testimony constitutes sufficient evidence that he had possession of an operable firearm.

Second, Hull argues that his conviction for unlawful possession of a firearm and his firearm enhancements on the assault convictions constitute double jeopardy. They do not. *State*

---

[1] We issued the mandate of Hull's direct appeal on June 7, 2019, making his May 1, 2020 motion to correct sentence timely filed. RCW 10.73.090(3)(b). Hull filed his motion with the trial court, which transferred it to us under CrR 7.8(c) to be considered as a personal restraint petition.

No. 55068-7-II

*v. Reid*, 40 Wn. App. 319, 324-25, 698 P.2d 588 (1985). *See also State v. Kelley*, 168 Wn.2d 72, 84, 226 P.3d 773 (2010).

Last, Hull argues that his offender scores are incorrect because he had only 5½ points in prior offenses. But for the first first degree assault conviction and the first degree unlawful possession of a firearm, the second first degree assault conviction is a serious violent "other current offense" that counts as 3 points. Former RCW 9.94A.030(46)(a)(v) (2015)[2]; former RCW 9.94A.525(9) (2013). And for the second degree assault conviction, both first degree assault convictions are violent "other current offenses" that count as 2 points and his first degree unlawful possession of a firearm is an "other current offense" that counts as 1 point. Former RCW 9.94A.030(55)(a)(i) (2015); former RCW 9.94A.525(8) (2013). Hull's offender scores are correct.

Hull does not show any grounds for relief from personal restraint. We therefore deny his petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, A.C.J.

Worswick, J.

Glasgow, J.

---

[2] LAWS OF 2015, ch. 287, § 1.